UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

HAROLD PHILLIPS,

    Plaintiff,    Case No. 2:19-cv-206

v.    Honorable Paul L. Maloney

UNKNOWN DATTO et al.,

    Defendants.
_____/

## OPINION

    This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

**I.  Factual allegations**

    Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. The events about which he complains, however, occurred at the Baraga Correctional Facility (AMF)

in Baraga, Baraga County, Michigan. Plaintiff sues Corrections Officer Unknown Datto and Classification Director Unknown Adams.

Plaintiff alleges that on May 26, 2019, Defendant Datto submitted a work report requesting that Plaintiff be removed from his level 5 kitchen job. Plaintiff told Defendant Datto that corrections officers were not kitchen supervisors and that Defendant Datto had no authority to file a report regarding Plaintiff's work classification. Defendant Datto responded that Plaintiff was a prisoner and that he would teach Plaintiff not to talk back. On June 3, 2019, Defendant Datto filed a second work report requesting Plaintiff's removal from his job.

Defendant Adams subsequently removed Plaintiff from his job. Plaintiff protested this action and told Defendant Adams that Defendant Datto did not have the authority to remove Plaintiff from his job. Defendant Adams responded that she and Defendant Datto had talked, and that she had decided to remove Plaintiff from his job "anyway." Plaintiff states that his kitchen supervisors expressed frustration with Plaintiff's removal from the job, but did not have the authority to change Defendant Adams' decision.

Plaintiff contends that Defendants' conduct violated his rights under the First, Sixth, and Fourteenth Amendments. Plaintiff seeks damages and injunctive relief.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough

facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III.     Retaliation

Plaintiff claims that Defendants violated his First Amendment right to be free from retaliation. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of

3

ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

As noted above, Plaintiff claims that Defendant Datto attempted to have him removed from his job assignment by filing a false work report, and that when he complained about it, Defendant Datto filed a second report in retaliation for Plaintiff's complaint. Defendant Adams subsequently decided to remove Plaintiff from his job assignment. For purposes of this opinion, the Court assumes that Plaintiff's complaint to Defendant Datto constitutes protected conduct. However, Plaintiff fails to allege facts showing that his verbal complaint to Defendant Datto was a substantial or motivating factor in either Defendant's conduct.

Temporal proximity "may be 'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive.'" *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004) (quoting *DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir. 2004)). However, "[c]onclusory allegations of temporal proximity are not sufficient to show a retaliatory motive." *Skinner v. Bolden*, 89 F. App'x 579, 580 (6th Cir. 2004).

> Moreover, *Muhammad* does not stand for the proposition that temporal proximity alone is sufficient to create an issue of fact as to retaliatory motive. In *Muhammad* the Sixth Circuit did not resolve the issue, but merely observed that "temporal proximity alone **may be** 'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive.'" *Id.* at 418 (quoting *DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir.2004) (emphasis added). Even if temporal proximity may in some cases create an issue of fact as to retaliatory motive, it would only be sufficient if the evidence was "significant enough." Plaintiff's conclusory and ambiguous evidence is not "significant enough" to create an issue of fact as to retaliatory motive.

*Brandon v. Bergh*, 2010 WL 188731, slip op. at 1 (W.D. Mich., Jan. 16, 2010).

In this case, Plaintiff concedes that Defendant Datto was already attempting to have him removed from his job assignment prior to Plaintiff's verbal complaint. The fact that Defendant Datto wrote a second report after Plaintiff complained about the first one does not shed any light on Defendant Datto's motivation for the initial report. Moreover, although Plaintiff alleges that Defendant Datto wrote the work reports, it was Defendant Adams who decided to have Plaintiff removed from his job assignment. A defendant's statements or conduct are not evidence of retaliation if the defendant is not the decisionmaker taking the alleged adverse action. *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001); *Shehee v. Luttrell*, 199 F.3d 295, 301 (6th Cir. 1999). The Court concludes that Plaintiff has failed to state a retaliation claim against Defendant Datto.

In addition, Plaintiff fails to allege any facts indicating that Defendant Adams' decision to remove him from his job assignment was motivated by a desire to retaliate against him. As noted above, Defendant Datto wrote two unfavorable work reports on Plaintiff, one of which was written prior to Plaintiff's verbal complaint. Nothing in Plaintiff's complaint indicates that Defendant Adams was even aware of Plaintiff's verbal complaint, much less that Defendant Adams was motivated to retaliate against Plaintiff because of the complaint. Because Plaintiff fails to allege facts showing that the loss of his job was motivated, at least in part, by the protected conduct, the Court will dismiss his retaliation claim.

## IV.     Due Process

Plaintiff claims that Defendants violated his Fourteenth Amendment right to procedural due process. However, federal courts consistently have found that prisoners have no constitutionally protected liberty interest in prison vocational, rehabilitation, and educational programs based on the Fourteenth Amendment. *See, e.g., Moody v. Daggett,* 429 U.S. 78, 88 n. 9 (1976) (Due Process Clause not implicated by prisoner classification and eligibility for

5

rehabilitative programs, even where inmate suffers "grievous loss"); *Argue v. Hofmeyer,* 80 F. App'x 427, 429 (6th Cir. 2003) (prisoners have no constitutional right to rehabilitation, education or jobs); *Canterino v. Wilson,* 869 F.2d 948, 952–54 (6th Cir. 1989) (no constitutional right to rehabilitation); *Newsom v. Norris,* 888 F.2d 371, 374 (6th Cir. 1989) (no constitutional right to prison employment); *Ivey v. Wilson,* 832 F.2d 950, 955 (6th Cir. 1987) ("[N]o prisoner has a constitutional right to a particular job or to any job"); *Antonelli v. Sheahan,* 81 F.3d 1422, 1431 (7th Cir.1996) (participation in a rehabilitative program is a privilege that the Due Process Clause does not guarantee); *Rizzo v. Dawson,* 778 F.2d 527, 531 (9th Cir. 1985) (no constitutional right to rehabilitative services). "Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris,* 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth,* 408 U.S. 564, 579, (1972)). Because Plaintiff has no right to prison employment, his removal from his job assignment does not state a claim under the Fourteenth Amendment Due Process Clause.

## V. Sixth Amendment

Plaintiff claims that Defendants violated his rights under the Sixth Amendment. The Sixth Amendment states:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend. VI. The Sixth Amendment protects the rights of defendants in criminal proceedings. The allegations in Plaintiff's complaint do not implicate the Sixth Amendment.

## VI. Conspiracy

Plaintiff states that Defendants engaged in a civil conspiracy to violate Plaintiff's constitutional rights. "A civil conspiracy is an agreement between two or more persons to injure another by unlawful action." *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985). "Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved." *Id*. at 944. Instead, the plaintiff must show that: (1) "a single plan" existed; (2) "the alleged coconspirator shared in the general conspiratorial objective" to deprive the plaintiff of a constitutional right (or a federal statutory right); and (3) "an overt act was committed in furtherance of the conspiracy that caused injury" to the plaintiff. *Id*. Moreover, a plaintiff must plead a conspiracy with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). Plaintiff's allegations of conspiracy are conclusory and speculative. Therefore, Plaintiff's civil conspiracy claims are properly dismissed.

## VII. Equal protection class of one

Plaintiff asserts that Defendant Datto violated his equal protection rights when he submitted false work reports on Plaintiff but not on any other prisoners. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const., amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Plaintiff alleges that Defendants have intentionally treated

him differently than others similarly situated without any rational basis for the difference—a "class of one" equal protection claim.

To prove his equal protection claim, Plaintiff must demonstrate "intentional and arbitrary discrimination" by the state; that is, he must demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006); *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) ("To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'"). Plaintiff alleges disparate treatment here, but his allegations are conclusory. Plaintiff fails to allege facts regarding the particularity of his situation or showing the existence of similarly situated prisoners. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Therefore, the Court will dismiss Plaintiff's equal protection claim.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). The Court does not certify that an appeal would not be in good faith.

Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   January 14, 2020                     /s/ Paul L. Maloney
                                                                             Paul L. Maloney
                                                                             United States District Judge